```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/05
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CAROL CALLAHAN,

        Plaintiff,

        -against-                               00 Civ. 6542 (LAK)

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC., and AIDA ORTIZ,

        Defendants.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff Carol Callahan, who is white, brings this action against her employer, Consolidated Edison Company of New York, Inc. ("Con Ed"), and one of her subordinates at Con Ed, Aida Ortiz, who is Latina, pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended,[1] claiming that the defendants discriminated against her based on her race and retaliated against her for complaining about this discrimination. Callahan asserts additional state law claims against both defendants under the New York State Human Rights Law (the "NYSHRL"),[2] New York City Human Rights Law (the 'NYCHRL"),[3] and New York State common law and asks that this Court exercise its supplemental jurisdiction and hear those claims as well.

        Plaintiff's allegations are summarized in the Court's prior opinion, which granted in part and denied in part motions addressed to the complaint, and need not be repeated here. *Callahan v. Consolidated Edison Co. of New York, Inc.*, 187 F. Supp.2d 132 (S.D.N.Y. 2002).

        After pretrial discovery, defendants moved for summary judgment dismissing the complaint. In a Report and Recommendation dated January 3, 2005, Magistrate Judge Kevin Nathaniel Fox recommended that summary judgment be granted dismissing plaintiff's Title VII, Section 1981, New York State Human Rights Law and NYCHRL claims and that the Court decline

---

[1]     42 U.S.C. §§ 2000e *et seq.*

[2]     N.Y. EXEC.L. §§ 290 *et seq.*

[3]     N.Y.C. AD CODE § 8-107 *et seq.*

to exercise supplemental jurisdiction over plaintiff's other state law claims and Ortiz's counterclaim. By order dated January 20, 2005, the Court adopted the recommendation. Plaintiff now moves for reconsideration and/or relief from the ensuing judgment on the ground that the Court mistakenly acted prior to the timely receipt of plaintiff's objections to the report and recommendation.

Having reviewed the file, it is evident that the Court inadvertently acted in the mistaken belief, induced by an error on the docket sheet, that the time within which plaintiff was bound to file objections had expired. Objections later were timely filed. Accordingly, plaintiff is entitled to have her objections considered on their merits and, if they are well founded, to relief from the judgment. In the meantime, plaintiff and Con Ed have settled. Accordingly, what remains are the claims between plaintiff and defendant Ortiz.

*The Section 1981 Claim Against Ortiz*

Magistrate Judge Fox recommended that the Section 1981 claim against Ortiz be dismissed on the grounds that (1) there was no evidence that Ortiz's actions toward plaintiff were racially motivated, (2) Ortiz's actions were "not sufficiently severe and pervasive to have altered the conditions of Callahan's employment," and (3) there was no evidence of "a causal link between racially motivated behavior by Ortiz and an adverse employment action [by Con Edison] within the meaning of Section 1981." (Report and Recommendation at 5-6, 8) (internal quotation marks omitted) As any one of these grounds would be sufficient to warrant dismissal, plaintiff objects to all three.

There is no question that the relationship between Ortiz and plaintiff was acrimonious and that Ortiz's behavior, viewing the evidence in plaintiff's favor, was outrageous. But the civil rights laws are intended, insofar as they are relevant here, to proscribe racial and other invidious discrimination in the workplace. They are not intended to create federal causes of action whenever an employee behaves badly toward a supervisor, subordinate or coworker. So the threshold question is whether there is any evidentiary basis to support plaintiff's claim that Ortiz's behavior was motivated, even in part, by the fact that plaintiff Callahan was white.

Plaintiff's objections go on for many pages, detailing incident after incident of misbehavior by Ortiz. Save for a single passage, however, there is nothing to suggest that Ortiz's problem with Callahan had anything to do with race. Pl. Obj. 3-19. The single passage reads as follows:

> "Prior to Callahan's arrival . . . , Ortiz referred to Callahan as a 'fucking white bitch,' stating to her co-workers that she will not work for that 'fucking white bitch.' (Plaintiff's Response to Edison's First Set of Interrogatories and First Request for

Production of Documents ¶ 1, 9, Exh. 36; see CE 849-850, 1317-18). Callahan learned of these statements from co-workers (e.g., John Behrman, Laura Del Vecchio, Sal Napolitano, Terry Rodriguez." Obj. 3.

The documents referred to as CE 849-850 and CE 1317-18 are memoranda by Callahan contained within Exhibit 17 to the certification of plaintiff's attorney, Ms. Chan.[4] Both assert that Ortiz referred to plaintiff, albeit not in plaintiff's presence, as a "bitch," not a "fucking *white* bitch." Thus, these memoranda do not support plaintiff's objection. Indeed, the behavior of plaintiff's counsel in misciting this evidence is quite troublesome.

The interrogatory responses (Chan Cert. Ex. 36) stand plaintiff in no better stead. They claim only that "[p]laintiff knows that Defendant Ortiz referred to her as a 'fucking white bitch'" in speaking to others. But Rule 56 requires that evidence in opposition to motions for summary judgment be admissible in evidence. *See, e.g., Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 123-24 (2d Cir. 2001); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997). This assertion fails to establish how plaintiff "knows" what Ortiz said to others and so fails to demonstrate that plaintiff has personal knowledge as required by Fed. R. Evid. 602. And even if it were inferred that plaintiff "knows" what Ortiz supposedly said to others because the informants who heard Ortiz's comments told her of the alleged statements, plaintiff's assertions as to what her informants told her – which are offered for the truth of the informants' statements – would be hearsay.[5]

As there is no admissible evidence from which a reasonable trier of fact could find racial animus, as distinguished from appalling interpersonal behavior, plaintiff's Section 1981 claim against Ortiz must be dismissed.[6]

---

[4] The Court considers the purported certification despite the fact that it does not satisfy the requirement of an affidavit or declaration. It will not be lenient with plaintiff's counsel in this respect in the future.

[5] Of course, it is entirely possible that anyone who told plaintiff of these alleged comments themselves heard of the comments from others, which would create a multiple hearsay situation. It is plaintiff's burden to establish the admissibility of her evidence. She has not done so in this respect.

[6] There is no injustice in applying the rules of evidence to plaintiff. Plaintiff has known at least since the Court's prior decision that it would be her burden to prove that Ortiz's motivation was racial. *See Callahan*, 187 F. Supp.2d at 136. She had a full opportunity to obtain affidavits from or take the depositions of the other employees to whom Ortiz allegedly made statements probative of racial animus. If there has been a failure to obtain evidence that actually exists, the failure lies at the doorstep of plaintiff and her attorney.

*Conclusion*

Plaintiff's motion for reconsideration and for relief from the judgment is granted and the judgment heretofore entered herein is vacated. On reconsideration, defendants' motions for summary judgment dismissing the complaint are granted to the extent that the case is dismissed insofar as it is brought against defendant Ortiz, the federal, NYSHRL and NYCHRL claims being dismissed on the merits and all other state law claims being dismissed for lack of subject matter jurisdiction. As there is no independent basis of federal subject matter jurisdiction over the counterclaim, Ortiz's counterclaim also is dismissed.

The Clerk shall close the case.

SO ORDERED.

Dated: April 22, 2005

_____
Lewis A. Kaplan
United States District Judge